IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NATHANIEL GREEN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 12-4255-CV-S-ODS |
| ) | |
| LINDA SANDERS, Warden, United States ) | |
| Medical Center for Federal Prisoners, and ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| ) | |
| Respondents. ) | |

<u>ORDER AND OPINION DENYING MOTION FOR WRIT OF HABEAS CORPUS</u>

Pending is Movant's request pursuant to 28 U.S.C. § 2241, seeking a Writ of Habeas Corpus granting him parole. The Motion is denied.

## I. BACKGROUND

In June 1981, Movant was convicted in the Southern District of Illinois on one count of kidnapping for the purpose of committing murder in violation of 18 U.S.C. § 1201(a)(1), and he was sentenced to 100 years of imprisonment. His conviction and sentence were affirmed on direct appeal. <u>United States v. Green</u>, 680 F.2d 520 (7th Cir.), <u>cert. denied</u>, 459 U.S. 1072 (1982). He subsequently sought post-conviction relief; his motion was denied and the denial was affirmed on appeal. <u>Green v. United States</u>, 815 F.2d 708 (7th Cir. 1987) (Table). The facts of the crime are summarized in the Seventh Circuit's decision affirming the conviction. In short, Movant kidnapped a seventeen year-old girl from a party in Charlack, Missouri, assaulted her with his fists/hands and a knife, and drove her to East St. Louis, Illinois, where he either killed her or left her to die from the wounds he had already inflicted. 680 F.2d at 521-22.

Movant became initially eligible for parole in February 1991. A parole hearing was held in December 1990; parole was denied and reconsideration was scheduled for fifteen years hence. In January 2006, the examiner recommended that a parole date be

set for February 2007, but the Commission instead ordered that Green serve the entire sentence. This decision was affirmed by the Commission's National Appeals Board ("Appeals Board").

Movant became eligible for mandatory parole as of February 25, 2011. Mandatory parole is described in 18 U.S.C. § 4206(d). This statute, which applied once Movant served thirty years of his sentence, provides that a prisoner "shall be released on parole" unless the Commission determines by the preponderance of the evidence "that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State or local crime." 18 U.S.C. § 4206(d). A hearing was held in September 2010, and in October the Commission denied mandatory parole after finding there was a reasonable probability that on release Movant would commit other crimes. In reaching this conclusion, the Commission simply recounted the details of Movant's crime and an incident in which Movant threw an object at the prison Chaplain. The Appeals Board vacated the decision after concluding the Commission applied section 4206(d) incorrectly. The Appeals Board's written decision explains that the Commission was required to focus on Movant's present risk and not simply the specific details of the crime. In that regard, the Appeals Board's written decision advised Movant the decision was based on

> your history of violent assaultive conduct which resulted in the brutal murder of a 17 year-old, your failure to provide a full explanation of your offense conduct (for example, you failed to explain why you removed the victim's clothing), and your failure to address your anger issues previously, require further evaluations to enable the Commission to make a final determination of the potential risk posed by your release.

A new hearing was held in February 2011, and the examiner found Movant did not pose a threat. However, the Executive Reviewer disagreed after noting the violent nature of the crime, Movant's prior criminal behavior, Movant's failure to accept responsibility, and the assessment that Movant had not been truthful during the February 2011 hearing. On review, the Commission agreed with the Executive Reviewer, explaining that it believed there was a "reasonable probability" Movant would re-offend because of his failure to accept responsibility, his failure to truthfully recount the events leading up to and involving the crime, his prior history of convictions, and

prior violent conduct. The Appeals Board affirmed this decision, specifically noting Movant's failure to accept responsibility, the similarity of this crime to a prior incident of violence, and that Movant's "version of events minimize[d]" his responsibility and involvement.

## II. DISCUSSION

### A.

At times, Movant seems to suggest the Court should review the correctness of the Commission's decision to reject the hearing examiner's February 2011 decision recommending that Movant be granted mandatory parole. This phrasing of the argument is incorrect. This Court only reviews the Commission's final decision, and the standard for reviewing that decision is well-established.

In Jones v. United States Bureau of Prisons, 903 F.2d 1178, 1184 (8th Cir. 1990), the Court of Appeals held courts do not have the power to review the Commission's substantive decisions. In that case, the movant presented two arguments. In the first argument, the Movant argued the Commission applied the wrong guidelines in determining when his next hearing should take place. The argument was rejected because the movant had not presented the argument to the Commission and there was no manifest injustice apparent. 903 F.2d at 1180-81. The movant then argued – as Movant does here – that the Commission "abused its discretion and acted in an arbitrary and capricious manner, thereby denying him due process and irreparably harming him" when it ordered that he serve the remainder of his sentence. Id. at 1181. The Court of Appeals stopped there and stated that "[b]efore reaching the merits of [the] second claim, we must first determine whether we have jurisdiction to review any of the challenges made to the Commission's substantive determination to deny parole." Id. at 1182. The court then concluded that Congress did not intend for the Commission's substantive decisions to be subject to judicial review. Id. at 1182-83. Courts retain the power to review whether the Commission acted outside its statutory limits; however, so long as the issue to be reviewed "involves the exercise of judgment among a range of

possible choices or options," no jurisdiction exists. Id. at 1183-84 (quotation omitted); see also Langella v. Anderson, 612 F.3d 938, 940 (8th Cir. 2010); Edmundson v. Turner, 954 F.2d 510, 512 (8th Cir.), cert. denied, 502 U.S. 1101 (1992); Wright v. United States Parole Comm'n, 948 F.2d 433, 435 (8th Cir. 1991), cert. denied, 503 U.S. 1009 (1992).[1]

While the Court may not review the weight to be accorded to the evidence or the manner in which the Commission resolved factual conflicts, the Court may have the power to review whether the Commission considered an improper factor. To this end, Movant argues the Commission considered an improper factor by relying in part on his failure to accept responsibility. The Court disagrees. Neither the statute nor the regulations prohibit consideration of this fact as a factor in determining an inmate's risk of recidivism. The Commission was entitled to decide that an inmate who continues to minimize his involvement in the crime is a risk to re-offend.

Movant also disputes the Commission's factual determinations and the sufficiency of the link between the Commission's findings and the risk of recidivism. He contends these facts bear on his "past recidivism risk" and not his "current risk," but the Court does not believe these concepts are so unrelated that the Commission is somehow barred from considering aspects of a parole-seeker's past. As stated earlier, the weight and importance of these facts are not matters the Court is empowered to review.

B.

Movant next contends the Commission violated the disclosure requirements of 18 U.S.C. § 4208(b). This statute dictates that the Commission must provide the

---

[1] In his Traverse, Movant adheres to his view the Court can review the Commission's substantive decision to determine if it is arbitrary and capricious. For support, Movant relies on Jones, Wright, and the Northern District of Illinois' decision in Garcia v. United States Board of Parole, 409 F. Supp. 1230 (N.D. Ill. 1976). Movant mischaracterizes the holdings of Jones and Wright, and the Northern District of Illinois' decision (1) predates Jones, Wright, and the other cases cited in the text and (2) unlike Jones, Wright, and the other cases cited, is not binding on this Court. Even if it wanted to, the Court cannot elect to follow the Northern District of Illinois and ignore the Eighth Circuit.

prisoner with "reasonable access to a report or other document to be used by the Commission in making its determination" at least thirty days before the proceeding. The statute also provides the prisoner may waive such notice. Movant contends the Commission violated this provision when it failed to give him access to his Presentence Investigation Report ("PSR"), which contained information about uncharged conduct that was mentioned in the Commission's decision. The Court concludes Movant waived his right to advance notice the Commission would rely on his PSR.

A Notice of Hearing was provided to Movant on September 3, 2010, in advance of the hearing held later that month. Section 5 of the notice advised Movant he could "review the reports and documents in your file which will be considered by the Commission" and contained several blanks. One allowed the prisoner to indicate his desire to inspect his institutional file, and the other allowed the prisoner to indicate his desire to inspect "any documents . . . which the Parole Commission may have in its Regional Office." Movant did not place his initials in either blank. Instead, he placed his initials in a blank next to a line stating "I do not wish to inspect my files before the hearing scheduled on this form." From this, the Court concludes Movant waived his right to inspect his file and section 4208(b) was not violated.

Movant suggests his waiver was invalid because he was never given an opportunity to rebut the suggestion that he committed the uncharged acts. However, there is no doubt the Commission was entitled to consider any information contained in his PSR, and Movant waived his right to review his PSR. This does not render his waiver invalid.[2] Movant also contends that despite knowing the Commission had previously examined his PSR when making parole decisions, he did not have specific knowledge that they had considered the prior uncharged conduct. Movant does not identify any legal requirement that he know what the Commission will consider when he waives the right to see the documents. Requiring the Commission to provide the contents of the documents would eviscerate the provision that prisoners can waive the right to see the documents. Finally, to the extent Movant challenges the Commission's

---

[2]Movant suggests certain regulations were violated by the Commission's consideration of uncharged conduct, but the regulation he cites (28 C.F.R. § 2.19(c)(1)) applies to "criminal behavior that has been the subject of an acquittal in a federal, state, or local court . . . ."

5

decision to attach importance to the uncharged conduct, the argument is rejected for the reasons expressed in Part II.A, above.

### III. CONCLUSION

For these reasons, the Motion for Writ of Habeas Corpus is denied.[3]

IT IS SO ORDERED.

                                                              /s/ Ortrie D. Smith
                                                              ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 14, 2014                                    UNITED STATES DISTRICT COURT

---

[3]Movant concedes the Commission is not a proper Respondent in this action, so it would be dismissed in any event.